# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv53

| | |
|---|---|
| GARY K. BRADLEY, | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )      ORDER<br>) |
| ADVANCED TECHNOLOGY<br>SERVICES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on plaintiff's Motion to Remand(#5), defendant's Response, plaintiff's Reply, defendant's Motion for Leave to File a Surreply (#9), and defendant's Surreply. It appearing that the issues have been fully briefed, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

Defendant removed this action from the North Carolina General Court of Justice, Superior Court Division, for Buncombe County, based on complete diversity and an amount in controversy exceeding $75,000. Prior to filing this action, defendant filed an action against plaintiff in the courts of the State of Illinois alleging breach of an employment agreement. Plaintiff, who resides in Buncombe County, North Carolina, was an employee of defendant, an Illinois corporation with its principal place of business in Illinois. In the Illinois action, defendant therein contended that plaintiff breached his fiduciary duty to ATS as well as a

-1-

Non-Competition/Non-Disclosure Agreement ("the Agreement") by competing with ATS while he was still employed with ATS, misappropriating ATS's trade secrets and confidential information, and then competing with ATS after his resignation from ATS's employment. Plaintiff failed to Answer or otherwise respond to the Illinois action, and the Illinois court entered a default Judgment against plaintiff, which he never appealed. The time for filing an appeal in Illinois expired January 18, 2007.

On or about January 4, 2007, defendant filed a judgment enforcement action in the North Carolina General Court of Justice, Superior Court Division, for Buncombe County, in conformity with the *Uniform Enforcement of a Judgment Act*, Chapter 1C, Article 17 of the North Carolina General Statues. In his February 5, 2007, responsive pleadings to that action, plaintiff herein sought to join the judgment enforcement action with this action, which was filed the day after the judgment enforcement action on January 5, 2007.

In this action, plaintiff seeks declaratory relief declaring that the employment agreement - - which was the subject of the Illinois action - - is unenforceable. Further, plaintiff asserts herein a claim that defendant committed unfair and deceptive trade practices by requiring its employees to sign such agreement. On or about February 7, 2007, defendant timely removed this action to this court in accordance with 28, United States Code, Section 1441, asserting diversity jurisdiction in accordance with 28, United States Code, Section 1332, and on March 5, 2007, plaintiff timely moved to remand.

## II. Discussion

In support of his motion to remand, plaintiff has improperly relied on a version of 28, United States Code, Section 1441(c) which has not been in effect since 1990. In its current form, Section 1441(c) concerns removal and remand of *federal questions* that invoke the court's jurisdiction under Section 1331. In this case, defendant removed based on Section 1332, contending that the parties are completely diverse and that the amount in controversy exceeds $75,000. It is beyond argument that the "separate and independent" requirement of present Section 1441(c) have no application to removal and remand of diversity actions. Monroe v. Brown, 256 F.Supp.2d 1292, 1296 (M.D.Ala. 2003).

Recognizing that his motion and argument were flawed, plaintiff has apparently abandoned his original basis for remand and argues for the first time in his Reply brief[1] that this action should be remanded because the amount in controversy does not exceed the jurisdictional minimum of $75,000.

In order to reach the jurisdictional threshold of a sum or value "in excess of $75,000," the court has relied upon the potential recovery of the plaintiff for the claims he has asserted in the Complaint. In paragraphs 7 and 8 of the *Ad Damnum* Clause of his Complaint, plaintiff seeks "damages or losses as Plaintiff has incurred," Compl., at ¶ 7, and that such damages be trebled. Id., at ¶ 8. in response to motion, defendant has submitted the Affidavit of James Hefti, in which he avers that

---

[1] Counsel for plaintiff filed what the court has deemed to be his Reply under the caption "Response to Defendant's Opposition to Motion to Remand."

plaintiff's last annualized salary and benefits before he resigned amounted to $102,425.84.

In a case where a plaintiff contends that he had been subjected to an unlawful employment covenant, back wages are good measure of potential damages. On their own, the back wages and treble damages plaintiff seeks well exceed the jurisdictional threshold.

A jurisdictional amount has been the second prong of diversity jurisdiction since the *Judiciary Act of 1789*--1 Stat. 73, 79 (Sept. 24, 1789). In determining whether the jurisdictional amount was met in a case removed to federal court, the Supreme Court held in Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), as follows:

> There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. . . . Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove. Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand.

Id., at 290-92 (footnotes omitted). While comity with state courts demands that a federal court presume that a jurisdictional amount is not met, the court must look to the face of the Complaint, as filed in the state court, to determine whether the jurisdictional amount has been met. In addition, the undersigned has found pertinent

a decision of the Court of Appeals for the Third Circuit, in which it was stated that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3rd Cir. 1993). Indeed, Mr. Hefti's affidavit indicates to the court that even if treble damages were disregarded, the amount in controversy would well exceed the jurisdictional minimum based on actual damages.

Finally, plaintiff has argued that defendant has waived its right to remove this matter to federal court because it filed a judgment enforcement action in state court. While planted in the same orchard and springing from the same dirt, plaintiff is apparently mixing apples and oranges inasmuch as the suit defendant filed in Illinois concerned plaintiff's alleged breach of an employment agreement while the suit now before this court is an action seeking to have such employment agreement declared unenforceable and for damages. While these claims certainly could have been asserted in the form of counterclaims in Illinois, a breach of contract is materially different from a claim that such contract is void and unenforceable as contrary to public policy.

The issue is whether defendant's filing of a judgment enforcement action in accordance with the judgment enforcement provisions of state law prohibit the same defendant from removing to federal court a subsequent action filed by the judgment debtor that does not attack the foreign judgment, but seeks to have resolved separate causes of action that have as their origin the same contract upon which the foreign judgment was based. Put another way, does defendant's seeking enforcement of its

judgment in state court amount to "litigating on the merits" in the separate action which defendant later removes to federal court.

> One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to the federal court.
>
>> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court ... [w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court....
>
> Charles A. Wright, et al., 14B *Federal Practice & Procedure* § 3721 (2003). Whether the state court defendant had waived his right to remove based on "active participation must be made on a case-by-case basis." *Hill v. State Farm Mutual Automobile Ins. Co.*, 72 F.Supp.2d 1353, 1354 (M.D.Fla.1999).

Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004). The court can find no authority for the proposition that a defendant that seeks to enforce a foreign judgment in one action "litigates on the merits" in a separate but related action filed by the by the judgment debtor.

For the foregoing reasons, the court determines that jurisdiction is properly laid in this court under Section 1332, and the Motion for Remand will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Leave to File a Surreply (#9) is **ALLOWED** and plaintiff's Motion to Remand (#5) is **DENIED**.

Signed: May 17, 2007

Dennis L. Howell
United States Magistrate Judge